IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JULIE ANDERSON                                                                                      PLAINTIFF

vs.                                                                                         No. 3:06CV58-D-A

SAFECO INSURANCE COMPANY
OF AMERICA                                                                                        DEFENDANT

## OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Marshall County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A. *Factual Background*

The Plaintiff filed this action in the Circuit Court of Marshall County, Mississippi, on February 28, 2006, asserting state law claims for, *inter alia*, breach of contract and negligence against the Defendant in connection with the Defendant's alleged conduct in failing to properly investigate and adjust a claim for uninsured/underinsured motorist benefits after the Plaintiff had a motor vehicle accident on July 4, 2005. The Defendant subsequently removed the case to this court, asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiff motioned the court to remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiff, the court does not possess subject matter jurisdiction over this action.

### B. *Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the removing defendant can meet its burden, a plaintiff may avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294 (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

In order to determine if the removing defendant has met its burden, the court determines whether it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Allen, 63 F.3d at 1335. In deciding this issue, the court simply examines the complaint and ascertains whether the amount in controversy is likely to exceed $75,000, referring to the types of claims alleged by the plaintiff as well as the nature of the damages sought. Allen, 63 F.3d at 1335-36.

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that she will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

*C. Discussion*

1. Diversity Jurisdiction

According to the ad damnum clause in her complaint, the Plaintiff in this action does not seek damages in excess of $75,000.00.[1] And, as noted above, in diversity cases, federal courts possess subject matter jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938)). Here, the Defendant did not present evidence to the court indicating that the Plaintiff has not acted in good faith in seeking less than the minimum federal jurisdictional amount. Thus, the amount in controversy in this action can be determined solely from the Plaintiff's complaint.

In addition, the Plaintiff signed a stipulation confirming that she will not seek more than $74,999 in damages, an amount that matches her request in her complaint. The court considers this document to be a binding stipulation that the Plaintiff does not and will not seek more than $74,999 in total damages in this cause. The Plaintiff's total recovery is thus limited to $74,999, which is less than the $75,000 threshold required for federal diversity jurisdiction. Federal diversity jurisdiction,

---

[1] The ad damnum clause in the complaint specifically states that the Plaintiff demands judgment "in the amount of $74,999 . . . [and] will not accept any award from a struck jury of more than $74,999.00, and will in no way recover greater than $74,999.00 from the named Defendant." See Complaint at 6-7.

therefore, does not exist in this action. The Defendant does not dispute that this action should be remanded in light of the Plaintiff's binding stipulation.

2. Sanctions, Attorney's Fees and Costs

The Plaintiff has also filed a motion seeking an award of sanctions, in addition to the attorney's fees and costs she seeks in her motion to remand. In doing so, the Plaintiff invokes 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" and Rule 11.

The Supreme Court and the Fifth Circuit have held that while district courts have discretion in deciding whether to award costs and fees to non-removing parties, the central question that district courts must consider in exercising their discretion is whether the removing party had objectively reasonable grounds to believe that removal was legally proper. Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711, 163 L. Ed. 2d 547 (2005); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Here, the court finds that, while it is a very close question, the removing Defendant had objectively reasonable grounds to believe that the removal was legally proper; the question of potential federal jurisdiction was legitimate, and an award of fees, costs, or sanctions is not justified. As such, the Plaintiff's request for costs, fees, and sanctions shall be denied.

D. *Conclusion*

In sum, the court finds that the amount in controversy in this case does not exceed $75,000. As such, federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 does not exist, this court does not possess subject matter jurisdiction, and the Plaintiff's motion to remand shall be granted.

The Plaintiff's request for an award of sanctions, fees and costs, however, shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of July 2006.

/s/ Glen H. Davidson
Chief Judge